UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMYAN AVILES and NICOLE SANCHEZ, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

Plaintiffs,

-against-

CFR CORP., and HERVE ROUSSEAU

Defendants.

Case No.: 1:23-cv-00001-JMF

Judge Furman

**ANSWER**

Defendants CFR Corp. ("CFR" or "Defendant") and Herve Rousseau ("Rousseau" or "Defendant"), collectively "Defendants", by and through their attorneys, Coviello Weber & Dahill LLP, as and for their answer to the complaint of Damyan Aviles and Nicole Sanchez, on behalf of themselves and others similarly situated in the proposed FLSA Collective Action ("Plaintiffs"), filed on January 1, 2023 ("Complaint"), respectfully allege, upon knowledge with respect to their own acts and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 of the Complaint is a characterization of claims and asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint is a characterization of claims and asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      Paragraph 3 of the Complaint asserts legal conclusions to which no response is

required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 5 of the Complaint.

## THE PARTIES

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.      Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.      Paragraph 13 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

14.     Defendant CFR admits the allegations contained in Paragraph 14 of the Complaint, other than those concerning an alternate address for service of process, which are denied.

15.     Defendant CFR admits to the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations concerning annual gross volume of sales, and Defendants aver that Paragraph 16 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21.     Defendant Rousseau admits to the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint is a characterization and asserts legal conclusions

to which no response is required. To the extent a response is required, Defendant Rousseau denies each and every allegation contained in Paragraph 13 of the Complaint.

23.     Paragraph 23 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

25.      Paragraph 25 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26.     Defendant CFR Corp. admits to the allegations contained in Paragraph 26 of the Complaint as alleged against it, otherwise Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 29 of the Complaint.

30.      Paragraph 30 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 30 of the Complaint.

31.      Paragraph 31 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 31 of the Complaint.

32.      Paragraph 32 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 32 of the Complaint.

33.      Paragraph 33 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 33 of the Complaint.

34.      Paragraph 34 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 34 of the Complaint.

## FACTUAL ALLEGATIONS

35.      Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.      Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.      Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38.      Defendants admit the allegations contained in Paragraph 35 of the Complaint.

39.      Defendants deny each and every allegation contained in Paragraph 39 of the Complaint.

40.      Defendants deny each and every allegation contained in Paragraph 40 of the

Complaint.

41.    Defendants aver that Plaintiff Aviles was paid well in excess of minimum wage in amounts derived from gratuities, as reported by Plaintiff Aviles, and otherwise deny each and every allegation contained in Paragraph 41 of the Complaint.

42.    Defendants deny each and every allegation contained in Paragraph 42 of the Complaint.

43.    Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny each and every allegation contained in Paragraph 47 of the Complaint.

48.    Defendants deny each and every allegation contained in Paragraph 48 of the Complaint.

49.    Defendants aver that Plaintiff Sanchez was paid well in excess of minimum wage in amounts derived from gratuities, as reported by Plaintiff Sanchez, and otherwise deny each and every allegation contained in Paragraph 49 of the Complaint.

50.    Defendants deny each and every allegation contained in Paragraph 50 of the Complaint.

51.    Defendants deny each and every allegation contained in Paragraph 51 of the Complaint.

52.    Defendants deny each and every allegation contained in Paragraph 52 of the Complaint.

53.     Defendants deny each and every allegation contained in Paragraph 53 of the Complaint.

54.     Defendants deny each and every allegation contained in Paragraph 54 of the Complaint.

55.     Defendants deny each and every allegation contained in Paragraph 55 of the Complaint.

56.     Defendants deny each and every allegation contained in Paragraph 56 of the Complaint.

57.     Defendants deny each and every allegation contained in Paragraph 57 of the Complaint.

58.     Defendants deny each and every allegation contained in Paragraph 58 of the Complaint.

59.     Defendants deny each and every allegation contained in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 63 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CLAIM

64.     Defendants repeat and reallege each of their foregoing responses to all of the allegations contained in the Complaint as fully set forth herein.

65.     Defendants deny each and every allegation contained in Paragraph 65 of the Complaint.

66.     Defendants deny each and every allegation contained in Paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation contained in Paragraph 67 of the Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM

68.     Defendants repeat and reallege each of their foregoing responses to all of the allegations contained in the Complaint as fully set forth herein.

69.     Paragraph 69 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 70 of the Complaint.

71.     Defendants deny each and every allegation contained in Paragraph 71 of the Complaint.

72.     Defendants deny each and every allegation contained in Paragraph 72 of the Complaint.

73.     Defendants deny each and every allegation contained in Paragraph 73 of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CLAIM

74.     Defendants repeat and reallege each of their foregoing responses to all of the allegations contained in the Complaint as fully set forth herein.

75.     Defendants deny each and every allegation contained in Paragraph 75 of the Complaint.

76.     Defendants deny each and every allegation contained in Paragraph 76 of the Complaint.

77.     Defendants deny each and every allegation contained in Paragraph 77 of the Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CLAIM

78.     Defendants repeat and reallege each of their foregoing responses to all of the allegations contained in the Complaint as fully set forth herein.

79.     Paragraph 79 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 80 of the Complaint.

81.     Defendants deny each and every allegation contained in Paragraph 81 of the

Complaint.

82.     Defendants deny each and every allegation contained in Paragraph 82 of the Complaint.

83.     Defendants deny each and every allegation contained in Paragraph 83 of the Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CLAIM

84.     Defendants repeat and reallege each of their foregoing responses to all of the allegations contained in the Complaint as fully set forth herein.

85.     Paragraph 85 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 85 of the Complaint.

86.     Defendants deny each and every allegation contained in Paragraph 86 of the Complaint.

87.     Defendants deny each and every allegation contained in Paragraph 87 of the Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CLAIM

88.     Defendants repeat and reallege each of their foregoing responses to all of the allegations contained in the Complaint as fully set forth herein.

89.     Defendants deny each and every allegation contained in Paragraph 89 of the Complaint.

90.     Defendants deny each and every allegation contained in Paragraph 90 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any type of remedy, relief or damages, including those listed as "a" through "n" in Plaintiffs' Prayer for Relief.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent the claims seek recovery beyond the applicable statute of limitations under the applicable federal and state laws.

### AS AND FOR A THIRD DEFENSE

Plaintiffs failed to mitigate their alleged damages.

### AS AND FOR A FOURTH DEFENSE

If Plaintiffs sustained any injury, damage or loss by reason of any act, error or omission on the part of defendants, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of Plaintiffs, putative class/collective action members, or others, which contributed to and proximately caused any such injury, damage, or loss.

### AS AND FOR A FIFTH DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### AS AND FOR A SIXTH DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands.

### AS AND FOR A SEVENTH DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiffs lack standing to prosecute the claims purported to be alleged in the complaint.

### AS AND FOR A NINTH DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

### AS AND FOR A TENTH DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C.§ 216(b) because they are not similarly situated.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs have not shown and cannot show that class or collective action treatment of the purported claims alleged in the complaint is superior to other methods of adjudicating the controversy.

### AS AND FOR A TWELFTH DEFENSE

The types of claims alleged by Plaintiffs on behalf of putative class/collective action members are matters in which individual questions predominate and thus are not appropriate for class or collective action treatment.

### AS AND FOR A THIRTEENTH DEFENSE

The purported claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged putative class members.

### AS AND FOR AN FOURTEENTH DEFENSE

This case is not appropriate for class or collective action certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

## AS AND FOR A FIFTEENTH DEFENSE

The putative class members are not so numerous that joinder is impracticable.

## AS AND FOR A SIXTEENTH DEFENSE

Although Defendants deny that they owed any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs cannot establish that any alleged violations of the FLSA were willful and thus cannot establish entitlement to a three-year statute of limitations.

## AS AND FOR A SEVENTEENTH DEFENSE

Although Defendants deny that they owed any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, then Defendants assert that at all relevant times to this action a reasonably good faith dispute existed as to whether such wages or other amounts were owed. This action is further barred, in whole or in part, as to all hours allegedly worked of which Defendants lack actual or constructive knowledge.

## AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiffs are precluded from recovering any amounts of compensatory or statutory damages from Defendants where Defendants have paid Plaintiffs all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.,* Article 6 of the New York Labor Law, New York Labor Law §§ 190 *et seg.,* and all of their implementing regulations.

## AS AND FOR A NINETEENTH DEFENSE

Defendants, at all times, acted in good faith to comply with the Fair Labor Standards Act and New York Labor Law and with reasonable grounds to believe that their actions did not violate the Fair Labor Standards Act or New York Labor Law, and Defendants assert a lack of willfulness or intent to violate the Fair Labor Standards Act or New York Labor Law as a

defense to any claim by Plaintiffs for liquidated damages.

## AS AND FOR A TWENTIETH DEFENSE

To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to- Portal Act, 29 U.S.C. §§ 258 and 259.

## AS AND FOR A TWENTY-FIRST DEFENSE

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act or New York Labor Law, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or the provisions of New York Labor Law § 198.

## AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to Plaintiffs' principal activities or incidental to them.

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiffs have been paid all monies owed to them.

## **JURY DEMAND**

Defendants respectfully demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

**WHEREFORE**, Defendants respectfully request that the court:

(a.)     Dismiss the complaint in its entirety with prejudice;

(b.)     Deny each and every demand and prayer for relief therein;

(c.)     Award answering Defendants' reasonable costs and fees incurred in defending this action; and

(d.)     Grant such other, further, and different relief as the court determines to be just and proper under the circumstances of this case.

Dated: March 20, 2023
       White Plains, New York

                        COVIELLO WEBER & DAHILL LLP

                        By: *William F. Dahill*
                        _____
                             William F. Dahill
                             707 Westchester Avenue, Suite 300
                             White Plains, NY 10604
                             wdahill@cwdlaw.com

                             *Attorneys for Defendants*